IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| Shawn Brooks, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.   1:14-cv-808 |
| Midland Credit Management, Inc., a Kansas corporation, and Midland Funding, LLC, a Delaware limited liability company, | ) ) ) ) ) ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

**COMPLAINT -- CLASS ACTION**

Plaintiff, Shawn Brooks, individually and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a declaration that the Defendants' debt collection actions violated the FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1.   This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.   Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and c) Defendants reside and transact business here.

**PARTIES**

3.   Plaintiff, Shawn Brooks ("Brooks"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendants attempted to collect

a delinquent consumer debt allegedly owed for a Credit One Bank debt.

4. Defendant, Midland Credit Management, Inc. ("MCM"), is a Kansas corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. MCM operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Indiana. In fact, Defendant MCM was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant, Midland Funding, LLC ("Midland"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. Midland operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Indiana. In fact, Defendant Midland was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

6. Defendant Midland is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies, like its sister corporation, Defendant MCM.

7. Defendants MCM and Midland are each authorized to conduct business in the State of Indiana and maintain registered agents within the State of Indiana, see, records from the Indiana Secretary of State, attached as Group Exhibit A. In fact, MCM

and Midland conduct business in Indiana.

8. Defendants MCM and Midland are each licensed as debt collection agencies in the State of Indiana, see, records from the Indiana Secretary of State, Securities Division, attached as Group Exhibit B. In fact, Defendants MCM and Midland act as collection agencies in Indiana.

## FACTUAL ALLEGATIONS

9. Ms. Brooks experienced financial difficulties and fell behind on paying her bills, including a debt that she allegedly owed to Credit One Bank. At some point in time after that debt became delinquent, Defendant Midland allegedly bought that debt, and had its sister company, Defendant MCM, begin trying to collect the debt from Ms. Brooks by sending her a collection letter, dated September 5, 2013. A copy of this letter is attached as Exhibit C.

10. Defendants' collection letter stated that the current balance of the debt was,"$650.40", but offered to settle the account in full for 40% of the debt, or $390.24 ("Option 1"); in the right margin of the letter, Defendants stated:

\* \* \*

> "We will stop applying interest to your account as soon as you make the first payment!"

\* \* \*

On the back of the letter, Defendants also stated:

\* \* \*

> As of the date of this letter you owe the amount listed in this letter as Current Balance. The offer to settle your account for the discount(s) offered in this letter remains open until 10-05-2013. If the offer to settle this account is not accepted on or before by 10-05-2013, the amount you owe may be greater because of interest that may vary from day to day.

3

> To obtain an exact payoff amount, or for further information, please call one of our Account Managers at (800) 282-2644.

\* \* \*

See, attached Exhibit C.

11.     Again, on December 5, 2013, Defendants sent Ms. Brooks a form debt letter, which again stated that the "Current Balance" of her debt was $650.40, but offered to reduce the balance of her debt, if she paid a certain amount by a certain date, stating that Defendants would ". . . stop applying interest to your account as soon as you make the first payment."   On the back of the letter, Defendants again stated:

\* \* \*

> As of the date of this letter you owe the amount listed in this letter as Current Balance.  The offer to settle your account for the discount(s) offered in this letter remains open until 1-04-2014.  If the offer to settle this account is not accepted on or before by 1-04-2014, the amount you owe may be greater because of interest that may vary from day to day.   To obtain an exact payoff amount, or for further information, please call one of our Account Managers at (800) 282-2644.

\* \* \*

A copy of this letter is attached as Exhibit D.

12.     Defendants also sent Ms. Brooks an additional form debt collection letter, dated January 16, 2014, demanding payment of the Credit One Bank debt, which also stated that the "Current Balance" was still only $650.40 and, thus, no interest had actually been accruing, but which again promised to cease charging interest if the debt was paid by an alleged deadline.   A copy of this letter is attached as Exhibit E.

13.     In fact, Plaintiff is informed and believes that, as a matter of policy, the original creditor had ceased charging interest and other charges after the account

became delinquent, and, moreover, that Midland did not, or could not charge interest on this account.

14. All of Defendants' collection actions at issue complained of herein occurred within one year of the date of this Complaint.

15. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, 27 F.3d 1254, 1257 (7th Cir. 1994).

### Violation Of § 1692e Of The FDCPA --
### False, Deceptive Or Misleading Statements

16. Section 1692e of the FDCPA prohibits a debt collector from using any false, or any deceptive or misleading representation or means in connection with the collection of a debt, including the false representation of the character, amount or legal status of any debt, see, 15 U.S.C. § 1692e(2)(A).

17. Defendants, by repeatedly stating that interest could be added to Ms. Brooks' debt if it was not paid, when, in fact, no additional interest was actually being charged in the first place, made false statements, in violation of § 1692e of the FDCPA. See, Lox v. CDA, 689 F.3d 818 (7th Cir. 2012).

18. These are materially false statements that would lead any consumer to believe that they had to pay right away to avoid having the amount of the debt increase.

19. Defendants' violations of § 1692e of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

### CLASS ALLEGATIONS

20. Plaintiff, Shawn Brooks, brings this action individually and as a class

5

action on behalf of all persons similarly situated in the State of Indiana from whom Defendants attempted to collect a delinquent consumer debt, allegedly owed for a Credit One Bank debt, via collection letters similar to the letters that are attached to the Complaint (Exhibits C, D and E), and as to which debt no additional interest was being charged, from one year before the date of this Complaint to the present. This action seeks a finding that Defendants' form letters violate the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

20. Defendants regularly engage in debt collection, using the same form collection letters they sent Plaintiff Brooks, in an attempt to collect delinquent consumer debts from other persons.

21. The Class consists of more than 35 persons from whom Defendants attempted to collect delinquent consumer debts, by sending other consumers the same form collection letters they sent Plaintiff Brooks.

22. Plaintiff Brooks' claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

23. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or

impede their ability to protect their interests.  Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

24. Plaintiff Brooks will fairly and adequately protect and represent the interests of the Class.  The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof.  Moreover, Plaintiff Brooks has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

## PRAYER FOR RELIEF

Plaintiff, Shawn Brooks, individually and on behalf of all others similarly situated, prays that this Court:

1. Certify this action as a class action;

2. Appoint Plaintiff Brooks as Class Representative of the Class, and her attorneys as Class Counsel;

3. Declare that Defendants' collection practices violate the FDCPA;

4. Enter judgment in favor of Plaintiff Brooks and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

5. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Shawn Brooks, individually and on behalf of all others similarly situated, demands trial by jury.

                                        Shawn Brooks, individually and on behalf of all others similarly situated,

                                        By: /s/ David J. Philipps_____
                                        One of Plaintiff's Attorneys

Dated: May 19, 2014

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com

John T. Steinkamp   (Ind. Bar No. 19891-49)
5218 S. East Street
Suite E1
Indianapolis, Indiana 46227
(317) 780-8300
(317) 217-1320 (FAX)
steinkamplaw@yahoo.com